Use of EDWARD B. WATSON *et al.*, trading as WATSON & CO., CHARLES WATSON and FRANKLIN JANNEY, trading as WATSON & JANNEY *vs.* CHARLES M. SOUTHWICK and CLEMENT A. LIPPINCOTT, formerly trading as SOUTHWICK & LIPPINCOTT.

New Castle County, May Term, 1896.

**Foreign Judgment. Affidavit of Defence.**—An affidavit of defence to an action on a foreign judgment showing that it was recovered nineteen years and seven months before the commencement of the action, and also that payments had been made upon it to an assignee in insolvency the exact amount of which was not known to defendants who are therefore unable to admit any precise sum due, is insufficient.

This was an action of debt on a foreign judgment, in which the following affidavit of defence was filed :

"That the judgment, an exemplified copy of which is appended to the affidavit of demand in this cause, appears to have been recovered against Southwick and Lippincott, on the 4th day of September, A. D. 1876, being about nineteen years and seven months before the bringing of the above stated suit in debt thereon ; that the said exemplified record doth not show that any execution was ever issued upon said judment; that the said judgment was obtained against this defendant and Charles M. Southwick, trading as Southwick and Lippincott, and constituted a joint obligation of this deponent and the said Charles M. Southwick, and no service of summons has been obtained in this suit on the said Southwick. That on or about the time of the bringing of the original action against the said firm of Southwick and Lippincott in June of the year 1876, the said firm made an assignment of all their property, assets and effects for the benefit of their creditors, with no preferences to any of their creditors. That the said assignee of said firm was Henry Albertson, late of the City of Philadelphia, State of Pennsylvania, and is now deceased. That said deponent never had rendered to him any account of the amount of

Argument for Plaintiff.

money paid by the said assignee to the creditors of the said firm, and said deponent is now ignorant of the amount of money so paid; and the decease of the said assignee, before the bringing of this action, has made it impracticable for said deponent hitherto to ascertain how much has been paid by said assignee to the plaintiff firm of Watson and Janney, on account of their said judgment. That said record of said judgment shows no credits for the payments made thereon by said assignee, but said deponent avers that a large amount was paid by said assignee upon said judgment and claim of the said firm of Watson and Janney against the said firm of Southwick and Lippincott, the amount of which is unknown to said deponent. That said deponent cannot, therefore, admit any definite sum to be due upon said judgment, if there be, in fact, anything due; that said firm of Charles Watson and Franklin Janney, trading as Watson and Janney, or either of them, have never since the recovery of said judgment made any demand upon this defendant, nor, so far as this deponent is informed and believes, upon the said Charles M. Southwick, his former partner, for the payment of the said judgment, or any portion or balance thereof, nor have the said Ddward B. Watson, Charles Watson, Jr., Kate G. Watson and J. Montgomery Baldy, Jr., trading at Watson & Co., nor either of them, ever made, down to the service of summons in this suit, any demand upon this deponent, nor, to the best of his knowledge and belief, as aforesaid, upon his said late partner, for the payment of the said judgment, nor any part or balance thereof."

*T. F. Bayard, Jr.*, for the plaintiff, moved for judgment, notwithstanding the affidavit of defence. He contended that the defendant in his affidavit of defence made two admissions, which coupled together left him no ground to stand on; first, that the age of the judgment was nineteen years and seven months; and secondly, that there had been payment or payments on account, but fails to specify the amount or amounts still due upon the judgment, which under the statute is absolutely necessary.

I. The age of a judgment as a defence is in itself merely a presumption and not a fact; *Oswald vs. Leigh*, 1 T. R. 271; 1 Phillips Ev. 114. Lord Ellenborough in *The Mayor, &c., of London vs. Long*, 1 Campb. 27, says: " After a lapse of twenty years a bond will be presumed to be satisfied; but there must be a lapse of twenty years, or a less time, coupled with some circumstances to strengthen the presumption. Here if it had been proved that the parties had accounted together after the money became payable, it might have been inferred that it was included in the settlement; but as as there is no evidence of this, and as twenty years have not elapsed since the bond was forfeited, cannot be considered as discharged." To the same effect are *Banks vs. Leonard*, 4 Harring. 539; *Durham vs. Evans*, 2 id. 124.

Inasmuch as this is an action upon a foreign judgment the *lex loci* of the original judgment should have weight with the Court of the *lex fori;* Cooley, Const. Law, 185–6. Hence we cite the decisions of the Courts of Pennsylvania, where this judgment was originally obtained. *Cope vs. Humphreys*, 14 Serg. & Rawle 15; *Summerville vs. Holliday*, 1 Watts 707; Wood, Limitations 340–1.

II. The defendant has failed to specify the amount of the payment or payments which he alleges to have been made, and the amount still due upon the judgment. But this is absolutely necessary under the statute. Rev. Code (1893) 789, 790.

The defendant has therefore failed to conform to the statute and has established no grounds upon which to base his affidavit of defence.

*H. H. Ward,* for the defendants, replied, citing Rev. Code 789; *Hess vs. Franklinfield*, 106 Pa. 440.

LORE, C. J. Let judgment be entered, notwithstand the affidavit of defence.